GAY AND LESBIAN SERVICES
NETWORK, INC., et al.,
Plaintiffs,

v.

Steven BISHOP, et al., Defendants.

No. 92–0508–CV–W–1.

United States District Court,
W.D. Missouri, W.D.

Nov. 4, 1993.

Stephen Douglas Bonney, Kansas City, MO, for plaintiffs.

Dale H. Close, Kansas City, MO, for defendants.

## ORDER

WHIPPLE, District Judge.

### I.  Background

On September 13, 1993, the Court issued an Order[1], ("Prior Order"), concerning the Kansas City Police Department's policy of

---

1. *Gay and Lesbian Services Network, Inc. v. Ste-* *ven Bishop,* 832 F.Supp. 270 (W.D.Mo.1993).

assessing a parade permit fee on the basis of projected police expenses ("Current Policy"). In the Prior Order, the Court noted that one factor taken into account by the Police Department in determining the fee amount was "crowd control." The Court ruled that application of such a factor constituted an impermissible content-based restriction on free speech in violation of the First Amendment to the United States Constitution. As a result, the Court ruled that the Current Policy, in its entirety, was facially invalid and enjoined the Police Department from enforcing it.

Plaintiffs now request this Court to amend said Order to include reimbursement for parade permit fees paid by Plaintiffs in 1992 and 1993.[2] After careful review of the record, the Court denies said Motion. Furthermore, the Court modifies its September 13, 1993 Order, *nunc pro tunc,* and rules that the Current Policy's constitutionally impermissible factor may be severed from the rest of the policy, which the Court now finds to be a reasonable time, place or manner restriction under the First Amendment.[3]

## II. Severability

■ In *INS v. Chadha,* 462 U.S. 919, 933, 103 S.Ct. 2764, 2775, 77 L.Ed.2d 317 (1983), the Supreme Court ruled that an unconstitutional provision of an ordinance is "presumed severable if what remains after severance 'is fully operative as a law.'" Because it is possible to sever the "crowd control" factor from the rest of the policy without upsetting its objective of defraying the costs of policing parades, the policy remains "fully operative" and severance is appropriate. *Upper Midwest Booksellers v. City of Minneapolis,* 780 F.2d 1389, 1399 (8th Cir.1985).

## III. Nunc Pro Tunc Modification

■ On the basis of the Court's reading of *Forsyth County v. Nationalist Movement,*

— U.S. ——, 112 S.Ct. 2395, 120 L.Ed.2d 101 (1992), and *Cox v. New Hampshire,* 312 U.S. 569, 61 S.Ct. 762, 85 L.Ed. 1049 (1941), the practice of assessing a parade permit fee in accordance with the projected police expenses constitutes a reasonable time, place or manner restriction if certain conditions are met. The policy must not delegate overly broad licensing discretion to government officials. *Forsyth County,* — U.S. at ——, 112 S.Ct. at 2401, 120 L.Ed.2d at 111. Furthermore, it must be content neutral, must be narrowly tailored to serve a significant governmental interest, and must leave open ample alternatives for communication. *Id.*

■ The Court ruled in the Prior Order that the Current Policy does not provide the Police Department with overly broad licensing discretion. The extensive list of factors to be taken into account by the Police Department in determining the fee amount comprises a sufficiently objective and definitive standard by which to project associated police costs. *See Stonewall Union v. City of Columbus,* 931 F.2d 1130, 1134–35 (6th Cir. 1991). In addition, the Court in the Prior Order held that with the exception of the "crowd control" factor, each factor listed in the Current Policy is content neutral on its face.

■ The next condition to be examined is whether the Current Policy is narrowly tailored to serve a significant governmental interest. The Court finds that defraying the cost of traffic control by requiring parade sponsors to pay for such, in light of the Police Department's limited resources, is a significant governmental interest. *See Forsyth,* — U.S. at ——, 112 S.Ct. at 2404, 120 L.Ed.2d at 115 ("this undoubtedly is an important government responsibility"); *Stonewall Union,* 931 F.2d at 1134. Additionally, the Court finds that the Current Policy is as

---

**2.** Plaintiffs filed their Motion to Amend Judgment, together with Suggestions in Support, on September 23, 1993. Defendants filed Suggestions in Opposition on September 24, 1993, to which Plaintiffs filed Reply Suggestions on September 27, 1993.

**3.** In the Prior Order, the Court expressly declined to rule on Plaintiffs' other constitutional

objections to the Current Policy. This inaction was appropriate because the Court had invalidated the entire policy making a resolution of Plaintiffs other claims unnecessary. The Court now determines that Plaintiffs' additional objections, namely the lack of an indigency exception, and the alleged lack of procedural safeguards, are without merit.

narrowly tailored as possible in that the charges assessed correspond to the actual costs of providing the police services.

 The final condition of a valid time, place or manner restriction is that it leave open ample alternatives for communication. The Court finds that such alternatives are available. For example, organizations do not need parade permits unless they intend to march on city streets or highways. KANSAS CITY CODE § 34.143 (1989). Thus, groups may march on city sidewalks and/or assemble in city parks without paying a permit fee.

### IV.  Plaintiffs' Motion to Amend Judgment

In this Order, the Court finds the "crowd control" factor to be the only Constitutionally objectionable aspect of the Current Policy. Additionally, the Court finds that such factor may be severed from the rest of the policy, thus allowing the Police Department to continue to enforce the balance of such. As a result, there is no basis upon which to order reimbursement for the parade permit fees paid by Plaintiffs in 1992 and 1993. Plaintiffs have failed to supply the Court with any evidence that their assessed charges were in any way related to the projected costs of "crowd control."

### V.  Remedy

Accordingly, it is ORDERED that the Court's September 13, 1993 Order is MODIFIED, *nunc pro tunc*, by the present Order.

It is further ORDERED that the Police Department is ENJOINED from applying the "crowd control" factor of the Current Policy in determining the parade permit fee amount for parade applicants.

It is further ORDERED that the "crowd control" factor is SEVERED from the Cur-

rent Policy, and the Police Department may continue to enforce the balance of such.[4]

---

4.  It should be noted that Plaintiffs have only contested, and the Court has only addressed, the facial constitutionality of the Current Policy. Even if the Current Policy is facially constitutional, other plaintiffs may seek relief upon a showing that it has been discriminatorily applied. As the Supreme Court in *Cox* ruled, the requirements for a parade permit license and fees must be administered with "uniformity of method of treatment upon the facts of each application, free from improper or inappropriate considerations and from unfair discrimination." 312 U.S. at 576, 61 S.Ct. at 766.